EXHIBIT A

OMB No. 1115-0214

**U.S. Department of Justice**
Immigration and Naturalization Service

# Affidavit of Support Under Section 213A of the Act

**START HERE - Please Type or Print**

## Part 1. Information on Sponsor (You)

- Last Name: STUMP
- First Name: KENNETH
- Middle Name: JOSEPH
- Mailing Address (Street Number and Name): 2424 CLOVERFIELD CT.
- Apt/Suite Number: NO
- City: FT. WAYNE
- State or Province: INDIANA
- Country: USA
- ZIP/Postal Code: 46808
- Telephone Number: 260-484-4722

Place of Residence if different from above: [blank]

- Date of Birth (Month, Day, Year): 3-12-52
- Place of Birth: FT. WAYNE IN, USA
- Are you a U.S. Citizen? ☒ Yes ☐ No
- Social Security Number: 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
- A-Number (If any): [blank]

**FOR AGENCY USE ONLY**

This Affidavit:
☒ Meets
☐ Does not meet
Requirements of Section 213A

Officer of I.J. Signature: [signature]
Location: INF
Date: 1/14/02

## Part 2. Basis for Filing Affidavit of Support

I am filing this affidavit of support because (check one):
- a. ☒ I filed/am filing the alien relative petition.
- b. ☐ I filed/am filing an alien worker petition on behalf of the intending immigrant, who is related to me as my _____ (relationship)
- c. ☐ I have ownership interest of at least 5% of _____ (name of entity which filed visa petition) which filed an alien worker petition on behalf of the intending immigrant, who is related to me as my _____ (relationship)
- d. ☐ I am a joint sponsor willing to accept the legal obligations with any other sponsor(s).

## Part 3. Information on the Immigrant(s) You Are Sponsoring

- Last Name: STUMP
- First Name: OLGA
- Middle Name: KONSTANTINOVNA
- Date of Birth (Month, Day, Year): 7-17-54
- Sex: ☐ Male ☒ Female
- Social Security Number (If any): NO
- Country of Citizenship: RUSSIA
- A-Number (If any): 79581317
- Current Address (Street Number and Name): 2424 CLOVERFIELD CT.
- Apt/Suite Number: NO
- City: FT. WAYNE
- State/Province: INDIANA
- Country: USA
- ZIP/Postal Code: 46808
- Telephone Number: 260-484-4722

List any spouse and/or children immigrating with the immigrant named above in this Part: (Use additional sheet of paper if necessary.)

| Name | Relationship to Sponsored Immigrant | | | Date of Birth | | | A-Number (If any) | Social Security (If any) |
|---|---|---|---|---|---|---|---|---|
| | Spouse | Son | Daughter | Mo | Day | Yr | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Form I-864 (Rev. 11/05/01)

## Part 4.  Eligibility to Sponsor

To be a sponsor you must be a U.S. citizen or national or a lawful permanent resident. If you are not the petitioning relative, you must provide proof of status. To prove status, U.S. citizens or nationals must attach a copy of a document proving status, such as a U.S. passport, birth certificate, or certificate of naturalization, and lawful permanent residents must attach a copy of both sides of their Permanent Resident Card (Form I-551).

The determination of your eligibility to sponsor an immigrant will be based on an evaluation of your demonstrated ability to maintain an annual income at or above 125 percent of the Federal poverty line (100 percent if you are a petitioner sponsoring your spouse or child and you are on active duty in the U.S. Armed Forces). The assessment of your ability to maintain an adequate income will include your current employment, household size, and household income as shown on the Federal income tax returns for the 3 most recent tax years. Assets that are readily converted to cash and that can be made available for the support of sponsored immigrants if necessary, including any such assets of the immigrant(s) you are sponsoring, may also be considered.

The greatest weight in determining eligibility will be placed on current employment and household income. If a petitioner is unable to demonstrate ability to meet the stated income and asset requirements, a joint sponsor who can meet the income and asset requirements is needed. Failure to provide adequate evidence of income and/or assets or an affidavit of support completed by a joint sponsor will result in denial of the immigrant's application for an immigrant visa or adjustment to permanent resident status.

**A. Sponsor's Employment**

I am:
1. ☐ Employed by __QUALITY TOOL CO INC.__ (Provide evidence of employment)
   Annual salary _____ or hourly wage $ __31.25__ (for __40__ hours per week)
   (Name of business)
2. ☐ Self employed _____
   Nature of employment or business _____
3. ☐ Unemployed or retired since _____

**B. Sponsor's Household Size**

|   | Number |
|---|---|
| 1. Number of persons (related to you by birth, marriage, or adoption) living in your residence, including yourself (Do NOT include persons being sponsored in this affidavit.) | 2 |
| 2. Number of immigrants being sponsored in this affidavit (Include all persons in Part 3.) | 1 |
| 3. Number of immigrants NOT living in your household whom you are obligated to support under a previously signed Form I-864. | 0 |
| 4. Number of persons who are otherwise dependent on you, as claimed in your tax return for the most recent tax year. | 0 |
| 5. Total household size. (Add lines 1 through 4.)   Total | 3 |

List persons below who are included in lines 1 or 3 for whom you previously have submitted INS Form I-864, if your support obligation has not terminated.
(If additional space is needed, use additional paper)

| Name | A-Number | Date Affidavit of Support Signed | Relationship |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Form I-864 (Rev. 11/05/01)Y Page 2

Exhibit A
CONTINUED

| Part 4. | Eligibility to Sponsor | *(Continued)* |

### C. Sponsor's Annual Household Income

Enter total unadjusted income from your Federal income tax return for the most recent tax year below. If you last filed a joint income tax return but are using only your *own* income to qualify, list total earnings from your W-2 Forms, or, *if* necessary to reach the required income for your household size, include income from other sources listed on your tax return. If your *individual* income does not meet the income requirement for your household size, you may also list total income for anyone related to you by birth, marriage, or adoption currently living with you in your residence if they have lived in your residence for the previous 6 months, or any person shown as a dependent on your Federal income tax return for the most recent tax year, even if not living in the household. For their income to be considered, household members or dependents must be willing to make their income available for support of the sponsored immigrant(s) and to complete and sign Form I-864A, Contract Between Sponsor and Household Member. A sponsored immigrant/household member only need complete Form I-864A if his or her income will be used to determine your ability to support a spouse and/or children immigrating with him or her.

*You must attach evidence of current employment and copies of income tax returns as filed with the IRS for the most recent 3 tax years for yourself and all persons whose income is listed below. See "Required Evidence" in Instructions. Income from all 3 years will be considered in determining your ability to support the immigrant(s) you are sponsoring.*

- [x] I filed a single/separate tax return for the most recent tax year.
- [ ] I filed a joint return for the most recent tax year which includes only my own income.
- [ ] I filed a joint return for the most recent tax year which includes income for my spouse and myself.
    - [ ] I am submitting documentation of my individual income (Forms W-2 and 1099).
    - [ ] I am qualifying using my spouse's income; my spouse is submitting a Form I-864A.

Indicate most recent tax year    __2001__
                                  (tax year)

Sponsor's individual income       $ __49438.39__

or

Sponsor and spouse's combined income    $ _____
*(If spouse's income is to be considered, spouse must submit Form I-864A.)*

Income of other qualifying persons.
*(List names; include spouse if applicable. Each person must complete Form I-864A.)*

_____    $ _____
_____    $ _____
_____    $ _____

**Total Household Income**    $ __49438.39__

Explain on separate sheet of paper if you or any of the above listed individuals were not required to file Federal income tax returns for the most recent 3 years, or if other explanation of income, employment, or evidence is necessary.

### D. Determination of Eligibility Based on Income

1. - [ ] I am subject to the 125 percent of poverty line requirement for sponsors.
   - [ ] I am subject to the 100 percent of poverty line requirement for sponsors on active duty in the U.S. Armed Forces sponsoring their spouse or child.
2. Sponsor's total household size, from Part 4.B., line 5   __3__
3. Minimum income requirement from the Poverty Guidelines chart for the year of __2001__ is $ __18,287__
   (year)
   for this household size.

If you are currently employed and your household income for your household size is equal to or greater than the applicable poverty line requirement (from line D.3.), you do not need to list assets (Parts 4.E. and 5) or have a joint sponsor (Part 6) unless you are requested to do so by a Consular or Immigration Officer. You may skip to Part 7, Use of the Affidavit of Support to Overcome Public Charge Ground of Admissibility. Otherwise, you should continue with Part 4.E.

Form I-864 (Rev. 11/05/01)Y Page 3

EXHIBIT A
CONTINUED

---

### Part 4.   Eligibility to Sponsor   (Continued)

#### E. Sponsor's Assets and Liabilities

Your assets and those of your qualifying household members and dependents may be used to demonstrate ability to maintain an income at or above 125 percent (or 100 percent, if applicable) of the poverty line *if* they are available for the support of the sponsored immigrant(s) and can readily be converted into cash within 1 year. The household member, other than the immigrant(s) you are sponsoring, must complete and sign Form I-864A, Contract Between Sponsor and Household Member. List the cash value of each asset *after* any debts or liens are subtracted. Supporting evidence must be attached to establish location, ownership, date of acquisition, and value of each asset listed, including any liens and liabilities related to each asset listed. See "Evidence of Assets" in Instructions.

| Type of Asset | Cash Value of Assets (Subtract any debts) |
|---|---|
| Savings deposits | $ 10,261.00 |
| Stocks, bonds, certificates of deposit | $ 52,133.00 |
| Life insurance cash value | $ ~~105,000.00~~ |
| Real estate | $ 105,000.00 |
| Other (specify) MORTGAGE | $ 64,545.00 |
| **Total Cash Value of Assets** | $ 102,849.00 |

### Part 5.   Immigrant's Assets and Offsetting Liabilities

The sponsored immigrant's assets may also be used in support of your ability to maintain income at or above 125 percent of the poverty line *if* the assets are or will be available in the United States for the support of the sponsored immigrant(s) and can readily be converted into cash within 1 year.

The sponsored immigrant should provide information on his or her assets in a format similar to part 4.E. above. Supporting evidence must be attached to establish location, ownership, and value of each asset listed, including any liens and liabilities for each asset listed. See "Evidence of Assets" in Instructions.

### Part 6.   Joint Sponsors

If household income and assets do not meet the appropriate poverty line for your household size, a joint sponsor is required. There may be more than one joint sponsor, but each joint sponsor must individually meet the 125 percent of poverty line requirement based on his or her household income and/or assets, including any assets of the sponsored immigrant. By submitting a separate Affidavit of Support under Section 213A of the Act (Form I-864), a joint sponsor accepts joint responsibility with the petitioner for the sponsored immigrant(s) until they become U.S. citizens, can be credited with 40 quarters of work, leave the United States permanently, or die.

### Part 7.   Use of the Affidavit of Support to Overcome Public Charge Ground of Inadmissibility

Section 212(a)(4)(C) of the Immigration and Nationality Act provides that an alien seeking permanent residence as an immediate relative (including an orphan), as a family-sponsored immigrant, or as an alien who will accompany or follow to join another alien is considered to be likely to become a public charge and is inadmissible to the United States unless a sponsor submits a legally enforceable affidavit of support on behalf of the alien. Section 212(a)(4)(D) imposes the same requirement on an employment-based immigrant, and those aliens who accompany or follow to join the employment-based immigrant, if the employment-based immigrant will be employed by a relative, or by a firm in which a relative owns a significant interest. Separate affidavits of support are required for family members at the time they immigrate if they are not included on this affidavit of support or do not apply for an immigrant visa or adjustment of status within 6 months of the date this affidavit of support is originally signed. The sponsor must provide the sponsored immigrant(s) whatever support is necessary to maintain them at an income that is at least 125 percent of the Federal poverty guidelines.

> *I submit this affidavit of support in consideration of the sponsored immigrant(s) not being found inadmissible to the United States under section 212(a)(4)(C) (or 212(a)(4)(D) for an employment-based immigrant) and to enable the sponsored immigrant(s) to overcome this ground of inadmissibility. I agree to provide the sponsored immigrant(s) whatever support is necessary to maintain the sponsored immigrant(s) at an income that is at least 125 percent of the Federal poverty guidelines. I understand that my obligation will continue until my death or the sponsored immigrant(s) have become U.S. citizens, can be credited with 40 quarters of work, depart the United States permanently, or die.*

EXHIBIT A
CONTINUED

Form I-864 (Rev. 11/05/01)Y Page 4



**Part 7.   Use of the Affidavit of Support to Overcome Public Charge Grounds**                    *(Continued)*

### Notice of Change of Address.

Sponsors are required to provide written notice of any change of address within 30 days of the change in address until the sponsored immigrant(s) have become U.S. citizens, can be credited with 40 quarters of work, depart the United States permanently, or die. To comply with this requirement, the sponsor must complete INS Form I-865. Failure to give this notice may subject the sponsor to the civil penalty established under section 213A(d)(2) which ranges from $250 to $2,000, unless the failure to report occurred with the knowledge that the sponsored immigrant(s) had received means-tested public benefits, in which case the penalty ranges from $2,000 to $5,000.

> *If my address changes for any reason before my obligations under this affidavit of support terminate, I will complete and file INS Form I-865, Sponsor's Notice of Change of Address, within 30 days of the change of address. I understand that failure to give this notice may subject me to civil penalties.*

### Means-tested Public Benefit Prohibitions and Exceptions.

Under section 403(a) of Public Law 104-193 (Welfare Reform Act), aliens lawfully admitted for permanent residence in the United States, with certain exceptions, are ineligible for most Federally-funded means-tested public benefits during their first 5 years in the United States. This provision does not apply to public benefits specified in section 403(c) of the Welfare Reform Act or to State public benefits, including emergency Medicaid; short-term, non-cash emergency relief; services provided under the National School Lunch and Child Nutrition Acts; immunizations and testing and treatment for communicable diseases; student assistance under the Higher Education Act and the Public Health Service Act; certain forms of foster care and adoption assistance under the Social Security Act; Head Start programs; means-tested programs under the Elementary and Secondary Education Act; and Job Training Partnership Act programs.

### Consideration of Sponsor's Income in Determining Eligibility for Benefits.

If a permanent resident alien is no longer statutorily barred from a Federally-funded means-tested public benefit program and applies for such a benefit, the income and resources of the sponsor and the sponsor's spouse will be considered (or deemed) to be the income and resources of the sponsored immigrant in determining the immigrant's eligibility for Federal means-tested public benefits. Any State or local government may also choose to consider (or deem) the income and resources of the sponsor and the sponsor's spouse to be the income and resources of the immigrant for the purposes of determining eligibility for their means-tested public benefits. The attribution of the income and resources of the sponsor and the sponsor's spouse to the immigrant will continue until the immigrant becomes a U.S. citizen or has worked or can be credited with 40 qualifying quarters of work, provided that the immigrant or the worker crediting the quarters to the immigrant has not received any Federal means-tested public benefit during any creditable quarter for any period after December 31, 1996.

> *I understand that, under section 213A of the Immigration and Nationality Act (the Act), as amended, this affidavit of support constitutes a contract between me and the U.S. Government. This contract is designed to protect the United States Government, and State and local government agencies or private entities that provide means-tested public benefits, from having to pay benefits to or on behalf of the sponsored immigrant(s), for as long as I am obligated to support them under this affidavit of support. I understand that the sponsored immigrants (or) any Federal, State, local, or private entity that pays any means-tested benefit to or on behalf of the sponsored immigrant(s), are entitled to sue me if I fail to meet my obligations under this affidavit of support, as defined by section 213A and INS regulations.*  ※ ※

### Civil Action to Enforce.

If the immigrant on whose behalf this affidavit of support is executed receives any Federal, State, or local means-tested public benefit before this obligation terminates, the Federal, State, or local agency or private entity may request reimbursement from the sponsor who signed this affidavit. If the sponsor fails to honor the request for reimbursement, the agency may sue the sponsor in any U.S. District Court or any State court with jurisdiction of civil actions for breach of contract. INS will provide names, addresses, and Social Security account numbers of sponsors to benefit-providing agencies for this purpose. Sponsors may also be liable for paying the costs of collection, including legal fees.

EXHIBIT A
CONTINUED



06/29/2004   16:46   7273727177   THE UPS STORE #4593   PAGE 07/08

| Part 7. | Use of the Affidavit of Support to Overcome Public Charge Grounds *(Continued)* |
|---|---|

*I acknowledge that section 213A(a)(1)(B) of the Act grants the sponsored immigrant(s) and any Federal, State, local, or private agency that pays any means-tested public benefit to or on behalf of the sponsored immigrant(s) standing to sue me for failing to meet my obligations under this affidavit of support. I agree to submit to the personal jurisdiction of any court of the United States or of any State, territory, or possession of the United States if the court has subject matter jurisdiction of a civil lawsuit to enforce this affidavit of support. I agree that no lawsuit to enforce this affidavit of support shall be barred by any statute of limitations that might otherwise apply, so long as the plaintiff initiates the civil lawsuit no later than ten (10) years after the date on which a sponsored immigrant last received any means-tested public benefits.*

## Collection of Judgment.

*I acknowledge that a plaintiff may seek specific performance of my support obligation. Furthermore, any money judgment against me based on this affidavit of support may be collected through the use of a judgment lien under 28 U.S.C 3201, a writ of execution under 28 U.S.C 3203, a judicial installment payment order under 28 U.S.C 3204, garnishment under 28 U.S.C. 3205, or through the use of any corresponding remedy under State law. I may also be held liable for costs of collection, including attorney fees.*

## Concluding Provisions.

I, __Kenneth J Stump__, certify under penalty of perjury under the laws of the United States that:

(a) I know the contents of this affidavit of support signed by me;
(b) All the statements in this affidavit of support are true and correct;
(c) I make this affidavit of support for the consideration stated in Part 7, freely, and without any mental reservation or purpose of evasion;
(d) Income tax returns submitted in support of this affidavit are true copies of the returns filed with the Internal Revenue Service; and
(e) Any other evidence submitted is true and correct.

__Kenneth J Stump__   __5-28-02__
(Sponsor's Signature)   (Date)

Subscribed and sworn to (or affirmed) before me this

__28th__ day of __May__, __2002__
          (Month)          (Year)

at __Bank One, St Marys, Ft Wayne, In__

My commission expires on __Aug 30, 2008__

__Bank One, St Marys, Ft Wayne, In.__
(Signature of Notary Public or Officer Administering Oath)

__Notary  Jacqueline S__
           (Title)

OFFICIAL SEAL
JACQUELINE SLAIN
NOTARY PUBLIC - INDIANA
ALLEN COUNTY
My Comm. Expires Aug. 30, 2008

| Part 8. | If someone other than the sponsor prepared this affidavit of support, that person must complete the following: |
|---|---|

I certify under penalty of perjury under the laws of the United States that I prepared this affidavit of support at the sponsor's request, and that this affidavit of support is based on all information of which I have knowledge.

| Signature | Print Your Name | Date | Daytime Telephone Number |
|---|---|---|---|
|  |  |  |  |

Firm Name and Address

Form I-864 (11/05/01)Y Page 6

EXHIBIT A
CONTINUED

# § 8 CFR 213a

**CFR**
**TITLE 8 ALIENS & NATIONALITY**
**CHAPTER 1 IMMIGRATION & NATURALIZATION**
**8 CFR 213a**

## § 213a.1 Definitions.

As used in this part, the term: Domicile means the place where a sponsor has a residence, as defined in section 101(a)(33) of the Act, in the United States, with the intention to maintain that residence for the foreseeable future, provided, that a permanent resident who is living abroad temporarily shall be considered to be domiciled in the United States if the permanent resident has applied for and obtained the preservation of residence benefit under section 316(b) or section 317 of the Act, and provided further, that a citizen who is living abroad temporarily shall be considered to be domiciled in the United States if the citizen's employment abroad meets the requirements of section 319(b)(1) of the Act.

Federal poverty line means the level of income equal to the poverty guidelines as issued by the Secretary of Health and Human Services in accordance with 42 U.S.C. 9902 that is applicable to a household of the size involved. For purposes of considering the Form I-864, **Affidavit** of **Support** Under Section 213A of the Act, the Service and Consular Posts will **use** the most recent income- poverty guidelines published in the FEDERAL REGISTER by the Department of Health and Human Services. These guidelines are updated annually, and the Service and Consular Posts will begin to **use** updated guidelines on the first day of the second month after the date the guidelines are published in the FEDERAL REGISTER.

Household income means the income used to determine whether the sponsor meets the minimum income requirements under sections 213A(f)(1)(E), 213A(f)(3), or 213A(f)(5) of the Act. It includes the sponsor's income and may also include the incomes of any individuals who either are related to the sponsor by birth, marriage, or adoption and have been living in the sponsor's residence for the previous 6 months or are lawfully listed as dependents on the sponsor's Federal income tax return for the most recent tax year, even if such dependents do not live at the same residence as the sponsor.

Household size means the number obtained by adding: (1) The sponsor and all persons living at the same residence with the sponsor who are related to the sponsor by birth, marriage, or adoption;

(2) all persons whom the sponsor has claimed as a dependent on the sponsor's Federal income tax return for the most recent tax year, even if such persons do not live at the same residence as the sponsor; and (3) the number of aliens the sponsor has sponsored under any prior Forms I-864 for whom the sponsor's **support** obligation has not terminated, plus the number of aliens to be sponsored under the current Form I-864, even if such aliens do not or will not live at the same residence as the sponsor.

Immigration Officer, solely for purposes of this part, includes a Consular Officer, as defined by section 101(a)(9) of the Act, as well as an Immigration Officer, as defined by § 103.1(j) of this chapter.

Income means an individual's gross income, for purposes of the individual's Federal income tax liability, including a joint income tax return.

Intending immigrant means any beneficiary of an immigrant visa petition filed under section 204 of the Act, including any alien who will accompany or follow-to-join the principal beneficiary. Means-tested public benefit means either a Federal means-tested public benefit, which is any public benefit funded in whole or in part by funds provided by the Federal Government that the Federal agency administering the Federal funds has determined to be a Federal

means-tested public benefit under the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law 104-193, or a State means-tested public benefit, which is any public benefit for which no Federal funds are provided that a State, State agency, or political subdivision of a State has determined to be a meanstested public benefit. No benefit shall be considered to be a means-tested public benefit if it is a benefit described in sections 401(b), 411(b), 422(b) or 423(d) of Public Law 104-193.

Program official means the officer or employee of any Federal, State, or local government agency or of any private agency that administers any means-tested public benefit program who has authority to act on the agency's behalf in seeking reimbursement of means-tested public benefits. Relative means a husband, wife, father, mother, child, adult son, adult daughter, brother, or sister. Significant ownership interest means an ownership interest of 5 percent or more in a for-profit entity that filed an immigrant visa petition to accord a prospective employee an immigrant status under section 203(b) of the Act. Sponsor means a person who either is eligible to execute or has executed an **affidavit** of **support** under this part. Sponsored immigrant means an immigrant on whose behalf a sponsor has executed an **affidavit** of **support** under this part, including any spouse or child who will accompany or follow-to-join the beneficiary of an immigrant visa petition filed by a sponsor.

§ 213a.2 Use of affidavit of support.

(a) General. (1) In any case specified in paragraph (a)(2) of this section, an intending immigrant is inadmissible as an alien likely to become a public charge, unless a sponsor has executed on behalf of the intending immigrant a Form I-864, **Affidavit** of **Support** Under Section 213A of the Act, in accordance with section 213A of the Act, this section, and the instructions on Form I- 864. An **affidavit** of **support** is executed when a sponsor signs a Form I-864 before a notary public or an Immigration or Consular Officer and that form I-864 is submitted to an Immigration or Consular officer. The sponsor must execute a separate **affidavit** of **support** for each visa petition beneficiary and for each alien who will accompany or follow-tojoin a visa petition beneficiary. For any spouse or children immigrating with a sponsored immigrant, the sponsor may execute an **affidavit** of **support** by submitting photocopies of the Form I-864 and all accompanying documentation, but each photocopy of the Form I-864 must have an original signature. Under this rule, a spouse or child is immigrating with a sponsored immigrant if he or she is listed in Part 3 of Form I-864 and applies for an immigrant visa or adjustment of status within 6 months of the date the Form I-864 is originally signed. The signature on the Form I-864, including photocopies, must be notarized by a notary public or signed before an Immigration or Consular Officer.

(2)(i) Except for cases specified in paragraph (a)(2)(ii) of this section, paragraph (a)(1) of this section applies to any application for an immigrant visa or for adjustment of status filed on or after December 19, 1997, in which an intending immigrant seeks an immigrant visa, admission as an immigrant, or adjustment of status as:

(A) An immediate relative under section 201(b)(2)(A)(i) of the Act;

(B) A family-based immigrant under section 203(a) of the Act; or

(C) An employment-based immigrant under section 203(b) of the Act, if a relative of the intending immigrant either filed the employment-based immigrant petition or has a significant ownership interest in the entity that filed the immigrant visa petition on behalf of the intending immigrant.

(ii) Paragraph (a)(1) of this section shall not apply if the intending immigrant:

(A) Filed a visa petition on his or her own behalf pursuant to section 204(a)(1)(A)(ii), (iii), or (iv) or section 204(a)(1)(B)(ii) or (iii) of the Act, or who seeks to accompany or follow-to-join an immigrant who filed a visa petition on his or his own behalf pursuant to section 204(a)(1)(A)(ii), (iii), or (iv) or section 204(a)(1)(B)(ii) or (iii) of the Act; or

(B) Seeks admission as an immigrant on or after December 19, 1997, in a category specified in paragraph (a)(2)(i)

EXHIBIT B -CONTINUED-

of this section with an immigrant visa issued before December 19, 1997.

   (b) **Affidavit** of **support** sponsors. The following individuals must execute Form I-864 on behalf of the intending immigrant in order for the intending immigrant to be found admissible on public charge grounds:

   (1) For immediate relatives and familybased immigrants. The person who filed the immigrant visa petition, the approval of which forms the basis of the intending immigrant's eligibility to apply for an immigrant visa or adjustment of status as an immediate relative or as a family-sponsored immigrant, must execute a Form I-864 on behalf of the intending immigrant.

   (2) For employment-based immigrants. A relative of an intending immigrant seeking an immigrant visa under section 203(b) of the Act who either filed the immigrant visa petition on behalf of the intending immigrant or owns a significant ownership interest in an entity that filed an immigrant visa petition on behalf of the intending immigrant.

   (c) Sponsorship requirements-(1) General. A sponsor must:

   (i) Be at least 18 years of age;

   (ii) Be domiciled in the United States or any territory or possession of the United States; and

   (iii)(A) Be a citizen of the United States or an alien lawfully admitted for permanent residence in the case described in paragraph (a)(2)(i)(A) or (B) of this section; or

   (B) Be a citizen or national of the United States or an alien lawfully admitted for permanent residence in the case described in paragraph (a)(2)(i)(C) of this section or if the individual is a joint sponsor.

   (2) Demonstration of ability to **support** sponsored immigrants. In order for the intending immigrant to overcome the public charge ground of inadmissibility, the sponsor must demonstrate the means to maintain an annual income of at least 125 percent of the Federal poverty line. If the sponsor is on active duty in the Armed Forces of the United States (other than active duty for training) and the intending immigrant is the sponsor's spouse or child, the sponsor's income must equal at least 100 percent of the Federal poverty line.

   (i) Proof of income. (A) The sponsor must file with the Form I-864 a copy of his or her Federal income tax returns for each of the 3 most recent taxable years, if he or she had a legal duty to file. By executing Form I-864, the sponsor certifies under penalty of perjury under United States law that each return is a true and correct copy of the return that the sponsor filed with the Internal Revenue Service for that taxable year.

   (B) If the sponsor had no legal duty to file a Federal income tax return for any of the 3 most recent tax years, the sponsor must explain why he or she had no legal duty to a file a Federal income tax return for each year for which no Federal income tax return is available. If the sponsor had no legal obligation to file a Federal income tax return, he or she may submit other evidence of annual income.

   (C)(1) The sponsor's ability to meet the income requirement will be determined based on the sponsor's household income. The sponsor may rely entirely on his or her own income as his or her household income if it is sufficient to meet the requirement. If needed, the sponsor may include in his or her household income the incomes of other individuals if they either are related to the sponsor by birth, marriage, or adoption and have been living in the sponsor's residence for the previous 6 months or are lawfully listed as dependents on the sponsor's Federal income tax return for the most recent tax year. In order for the Immigration Officer or Consular Officer to consider the income of any of these individuals, the sponsor must include with the Form I-864 a written contract on Form I-864A between the sponsor and each other individual on whose income the sponsor seeks to rely. Under this written contract each other

EXHIBIT B -CONTINUED-

individual must agree, in consideration of the sponsor's signing of the Form I-864, to provide to the sponsor as much financial assistance as may be necessary to enable the sponsor to maintain the sponsored immigrants at the annual income level required by section 213A(a)(1)(A) of the Act, to be jointly and severally liable for any reimbursement obligation that the sponsor may incur, and to submit to the personal jurisdiction of any court that has subject matter jurisdiction over a civil suit to enforce the contract or the **affidavit** of **support**. The sponsor, as a party to the contract, may bring suit to enforce the contract. The sponsored immigrants and any Federal, State, or local agency or private entity that provides a means-tested public benefit to a sponsored immigrant are third party beneficiaries of the contract between the sponsor and the other individual or individuals on whose income the sponsor relies and may bring an action to enforce the contract in the same manner as third party beneficiaries of other contracts. If there is no spouse or child immigrating with the sponsored immigrant, then there will be no need for the sponsored immigrant to sign a Form I-864A, even if the sponsor will rely on the income of the sponsored immigrant to meet the income requirement. If, however, the sponsor seeks to rely on a sponsored immigrant's income to establish the sponsor's ability to **support** the sponsored immigrant's spouse or children, then the sponsored immigrant whose income is to be relied on must sign the Form I-864A.

(2) If the sponsor relies on the income of any other individual, the sponsor must also attach that individual's Federal income tax returns for each of the 3 most recent tax years. That individual must certify, under penalty of perjury, on Form I-864A that each tax return submitted is a true and correct copy of the Federal income tax return filed with the Internal Revenue Service. If that individual has no legal obligation to file a Federal income tax return, he or she must explain and submit other evidence of annual income. If the individual whose income the sponsor will rely on is not lawfully claimed as a dependent on the sponsor's Federal income tax return for the most recent tax year, then the sponsor must also attach proof of the relationship between the sponsor and that individual and proof of residency in the sponsor's residence during at least the preceding 6 months.

(ii) Proof of employment or self-employment. The sponsor must attach evidence of current employment which provides the sponsor's salary or wage, or evidence of current self employment. If the sponsor is unemployed or retired, the sponsor must state the length of his or her unemployment or retirement. The same information must be provided for any other person whose income is used to qualify under this section.

(iii) Determining the sufficiency of an **affidavit** of **support**. The sufficiency of an **affidavit** of **support** shall be determined in accordance with this paragraph.

(A) Income. The sponsor shall first calculate the total income attributable to the sponsor under paragraph (c)(2)(i)(C) of this section.

(B) Number of persons to be supported. The sponsor shall then determine his or her household size as defined in § 213a.1.

(C) Sufficiency of Income. The sponsor's income shall be considered sufficient if the household income calculated under paragraph (c)(2)(iii)(A) of this section would equal at least 125 percent of the Federal poverty line for the sponsor's household size as defined in § 213a.1, except that the sponsor's income need only equal at least 100 percent of the Federal poverty line for the sponsor's household size, if the sponsor is on active duty (other than for training) in the Armed Forces of the United States and the intending immigrant is the sponsor's spouse or child.

(iv) Inability to meet income requirement. If the sponsor is unable to meet the minimum income requirement in paragraph (c)(2)(iii) of this section, the intending immigrant is inadmissible unless the sponsor and/or the intending immigrant demonstrates significant assets or a joint sponsor executes a separate Form I-864.

(A) Significant assets. The sponsor may submit evidence of the sponsor's ownership of significant assets, such as savings accounts, stocks, bonds, certificates of deposit, real estate, or other assets. A sponsored immigrant may submit evidence of the sponsored immigrant's assets as a part of the **affidavit** of **support**, even if the sponsored immigrant is

not required to sign a Form I-864A. The assets of any person who has signed a Form I-864A will also be considered in determining whether the assets are sufficient to meet this requirement. The combined cash value of all the assets (the total value of the assets less any offsetting liabilities) must exceed five times the difference between the sponsor's household income and the Federal poverty line for the sponsor's household size (including all immigrants sponsored in any **affidavit** of **support** in force under this section).

(B) Joint sponsor. A joint sponsor must execute a separate Form I-864 on behalf of the intending immigrant(s) and be willing to accept joint and several liability with the sponsor. A joint sponsor must meet the eligibility requirements under paragraph (c)(1) of this section. A joint sponsor's household income must meet or exceed the income requirement in paragraph (c)(2)(iii) of this section unless the joint sponsor can demonstrate significant assets as provided in paragraph (c)(2)(iv)(A) of this section.

(v) Immigration or Consular Officer's determination of insufficient income and/or assets. Notwithstanding paragraphs (c)(2)(iii)(C) and (c)(2)(iv) (A) and (B) of this section, an Immigration Officer or Consular Officer may determine the income and/or assets of the sponsor or a joint sponsor to be insufficient if the Immigration Officer or Consular Officer determines, based on the sponsor's or joint sponsor's employment situation, income for the previous 3 years, assets, or receipt of welfare benefits, that the sponsor or joint sponsor cannot maintain his or her income at the required level.

(vi) Verification of employment, income and assets. The Government may pursue verification of any information provided on or with Form I-864, including information on employment, income, or assets, with the employer, financial or other institutions, the Internal Revenue Service, or the Social Security Administration.

(vii) Effect of fraud or material concealment or misrepresentation. If the Consular Officer or Immigration Officer finds that the sponsor or joint sponsor has concealed or misrepresented facts concerning income, or household size, or any other material fact, the Consular Officer or Immigration Officer shall conclude that the **affidavit** of **support** is not sufficient to establish that the sponsored immigrant is not likely to become a public charge, and the sponsor or joint sponsor may be liable for criminal prosecution under the laws of the United States.

(d) Legal effect of **affidavit** of **support**. Execution of a Form I-864 under this section creates a contract between the sponsor and the U.S. Government for the benefit of the sponsored immigrant, and of any Federal, State, or local governmental agency or private entity that administers any meanstested public benefits program. The sponsored immigrant, or any Federal, State, or local governmental agency or private entity that provides any means-tested public benefit to the sponsored immigrant after the sponsored immigrant acquires permanent resident status, may seek enforcement of the sponsor's obligations through an appropriate civil action.

(e) Termination of **support** obligation.

(1)(i) The sponsor's **support** obligation with respect to a sponsored immigrant terminates by operation of law when the sponsored immigrant:

(A) Becomes a citizen of the United States;

(B) Has worked, or can be credited with, 40 qualifying quarters of work; provided, that the sponsored immigrant is not credited with any quarter beginning after December 31, 1996, during which the sponsored immigrant receives any Federal means-tested public benefit;

(C) Ceases to hold the status of an alien lawfully admitted for permanent residence and has departed the United States; or

(D) Dies.

(ii) The sponsor's **support** obligation also terminates if the sponsor dies.

(2) The termination of the sponsor's **support** obligation does not relieve the sponsor (or the sponsor's estate) of any reimbursement obligation under section 213A(b) of the Act that accrued before the **support** obligation terminated.

(f) In the case of an alien who seeks to follow-to-join the principal sponsored immigrant, as provided for by section 203(d) of the Act, the same sponsor who filed the visa petition and **affidavit** of **support** for the principal sponsored immigrant must, at the time that the alien seeks to follow-to-join the principal sponsored immigrant, sign an **affidavit** of **support** on behalf of the alien who seeks to follow-to-join the principal sponsored immigrant. If that sponsor has died, then the alien who seeks to follow-to-join the principal sponsored immigrant shall be held to be inadmissible, unless another person, who would qualify as a joint sponsor if the principal sponsor were still alive, submits on behalf of the alien who seeks to follow-to-join the principal sponsored immigrant, an **affidavit** of **support** that meets the requirements of this section. If the original sponsor is deceased and no other eligible sponsor is available, the principal sponsored immigrant may sign an **affidavit** of **support** on behalf of the alien seeking to follow-to-join the principal immigrant, if the principal sponsored immigrant can meet the requirements of paragraph (c) of this section.

## § 213a.3 Notice of change of address.

(a) General. If the address of a sponsor (including a joint sponsor) changes for any reason while the sponsor's **support** obligation under the **affidavit** of **support** remains in effect with respect to any sponsored immigrant, the sponsor shall file Form I-865, Sponsor's Notice of Change of Address, with the Service no later than 30 days after the change of address becomes effective.

(b) Civil penalty-(1) Amount of penalty.

(i) Except as provided in paragraph (b)(1)(ii) of this section, if the sponsor fails to give notice in accordance with paragraph (a) of this section, the Service may impose on the sponsor a civil penalty in an amount within the penalty range established in section 213A(d)(2)(A) of the Act.

(ii) If the sponsor, knowing that the sponsored immigrant has received any means-tested public benefit, fails to give notice in accordance with paragraph (a) of this section, the Service may impose on the sponsor a civil penalty in an amount within the penalty range established in section 213A(d)(2)(B) of the Act.

(2) Procedure for imposing penalty. The procedure for imposing a civil penalty under this paragraph follows that which is established at 8 CFR part 280.

(c) Change of address. If the sponsor is an alien, filing Form I-865 under this section does not satisfy or substitute for the change of address notice required under § 265.1 of this chapter.

## § 213a.4 Actions for reimbursement, public notice, and congressional reports.

(a) Requests for reimbursement. Requests for reimbursement under section 213A(b)(2) of the Act must be served by personal service, as defined by § 103.5a(a)(2) of this chapter. The request for reimbursement shall specify the date the sponsor's **affidavit** of **support** was received by the Service, the sponsored immigrant's name, alien registration number, address, and date of birth, as well as the types of meanstested public benefit(s) that the sponsored immigrant received, the dates the sponsored immigrant received the means-tested public benefit(s), and the total amount of the means-tested public benefit(s) received. It is not necessary to make a separate request for each type of means-tested public benefit, nor for each separate payment. The agency may instead aggregate in a single request all benefit payments the agency has made as of the date of the request. The request for reimbursement shall also notify the sponsor that the sponsor must, within 45 days of the date of service, respond to the request for reimbursement either by paying the reimbursement or by arranging to commence payments pursuant to a payment schedule that is agreeable to the

EXHIBIT B - CONTINUED -

program official. Prior to filing a lawsuit against a sponsor to enforce the sponsor's **support** obligation under section 213A(b)(2) of the Act, a Federal, State, or local governmental agency or a private entity must wait 45 days from the date it issues a written request for reimbursement under section 213A(b)(1) of the Act. If a sponsored immigrant, a Federal, State, or local agency, or a private entity sues the sponsor and obtains a final civil judgment against the sponsor, the sponsored immigrant, the Federal, State, or local agency, or the private entity shall mail a certified copy of the final civil judgment to the Service's Statistics Branch, 425 I Street, NW., Washington, DC 20536. The copy should be accompanied by a cover letter that includes the reference "Civil Judgments for Congressional Reports under section 213A(i)(3) of the Act." Failure to file a certified copy of the final civil judgment in accordance with this section has no effect on the plaintiff's ability to collect on the judgment pursuant to law.

(b) Federal, State, and local government agencies should issue public notice of determinations regarding which benefits are considered "means-tested public benefits" prior to December 19, 1997, the date the new **affidavit** of **support** goes into effect, or as soon as possible thereafter. Additional notices should be issued whenever an agency revises its determination of which benefits are considered "means-tested public benefits."

(c) Congressional reports. (1) For purposes of section 213A(i)(3) of the Act, a sponsor shall be considered to be in compliance with the financial obligations of section 213A of the Act unless the sponsored immigrant or a Federal, State, or local agency or private entity has sued the sponsor, obtained a final judgment enforcing the sponsor's obligations under section 213A(a)(1)(A) or 213A(b) of the Act, and mailed a certified copy of the final judgment to the Service's Statistics Branch, 425 I Street, NW., Washington, DC 20536.

(2) If a Federal, State, or local agency or private entity that administers any means-tested public benefit makes a determination under section 421(e) of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 in the case of any sponsored immigrant, the program official shall send written notice of the determination, including the name of the sponsored immigrant and of the sponsor, to the Service's Statistics Branch. The written notice should include the reference "Determinations under 421(e) of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996."

## § 213a.5 Relationship of this part to other affidavits of support.

Nothing in this part precludes the continued **use** of Form I-134, **Affidavit** of **Support** (other than INA section 213A), or of Form I-361, **Affidavit** of Financial **Support** and Intent to Petition for Legal Custody for Public Law 97-359 Amerasian, in any case, other than a case described in § 213a.2(a)(2), in which these forms were used prior to enactment of section 213A of the Act. The obligations of section 213A of the Act do not bind a person who executes Form I-134 or Form I-361, although the person who executes Form I-361 remains subject to the provisions of section 204(f)(4)(B) of the Act and of § 204.4(i) of this chapter.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

EXHIBIT B - CONTINUED -

# U. S. Citizenship and Immigration Services

TEXT ONLY   HOME   WHAT'S NEW   FAQS   SEARCH   GLOSSARY   FEEDBACK   TRANSLATE   PRINTPAGE

CONTENTS   PREVIOUS   NEXT   QUERY   QUERY HELP   CLEAR SEARCH   HIT LIST   PREVIOUS HIT   NEXT HIT   LAWS HOME

INSERTS/SERVICE LAW BOOKS/SERVICE LAW BOOKS MENU /IMMIGRATION AND NATIONALITY ACT/INA: ACT 213A - REQUIREMENTS FOR SPONSOR'S AFFIDAVIT OF SUPPORT 1/

## INA: ACT 213A - REQUIREMENTS FOR SPONSOR'S AFFIDAVIT OF SUPPORT 1/

Sec. 213A. (a) Enforceability.-

(1) Terms of affidavit.-No affidavit of support may be accepted by the Attorney General or by any consular officer to establish that an alien is not excludable as a public charge under section **212(a)(4)** unless such affidavit is executed by a sponsor of the alien as a contract-

(A) in which the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable;

(B) that is legally enforceable against the sponsor by the sponsored alien, the Federal Government, any State (or any political subdivision of such State) or by any other entity that provides any means-tested public benefit (as defined in subsection (e)), consistent with the provisions of this section; and

(C) in which the sponsor agrees to submit to the jurisdiction of any Federal or State court for the purpose of actions brought under subsection (b)(2).

(2) Period of enforceability.-An affidavit of support shall be enforceable with respect to benefits provided for an alien before the date the alien is naturalized as a citizen of the United States, or, if earlier, the termination date provided under paragraph (3).

(3) Termination of period of enforceability upon completion of required period of employment, etc.-

(A) In general.-An affidavit of support is not enforceable after such time as the alien (i) has worked 40 qualifying quarters of coverage as defined under title II of the Social Security Act or can be credited with such qualifying quarters as provided under subparagraph (B), and (ii) in the case of any such qualifying quarter creditable for any period beginning after December 31, 1996, did not receive any Federal means-tested public benefit (as provided under section 403 of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996) during any such period.

(B) Qualifying quarters.-For purposes of this section, in determining the number of qualifying quarters of coverage under title II of the Social Security Act an alien shall be credited with-

(i) all of the qualifying quarters of coverage as defined under title II of the Social Security Act worked by a parent of such alien while the alien was under age 18, and

(ii) all of the qualifying quarters worked by a spouse of such alien during their marriage and the alien remains married to such spouse or such spouse is deceased.

No such qualifying quarter of coverage that is creditable under title II of the Social Security Act for any period beginning after December 31, 1996, may be credited to an alien under clause (i) or (ii) if the parent or spouse (as the case may be) of such alien received any Federal means- tested public benefit (as provided under section 403 of the Personal Responsibility and Work Opportunity

EXHIBIT B — CONTINUED —

      Reconciliation Act of 1996) during the period for which such qualifying quarter of coverage is so credited.

      (C) Provision of information to save system.-The Attorney General shall ensure that appropriate information regarding the application of this paragraph is provided to the system for alien verification of eligibility (SAVE) described in section 1137(d)(3) of the Social Security Act.

(b) Reimbursement of Government Expenses.-

  (1) Request for reimbursement.-

    (A) Requirement.-Upon notification that a sponsored alien has received any means-tested public benefit, the appropriate nongovernmental entity which provided such benefit or the appropriate entity of the Federal Government, a State, or any political subdivision of a State shall request reimbursement by the sponsor in an amount which is equal to the unreimbursed costs of such benefit.

    (B) Regulations.-The Attorney General, in consultation with the heads of other appropriate Federal agencies, shall prescribe such regulations as may be necessary to carry out subparagraph (A).

  (2) Actions to compel reimbursement.-

    (A) In case of nonresponse.-If within 45 days after a request for reimbursement under paragraph (1)(A), the appropriate entity has not received a response from the sponsor indicating a willingness to commence payment an action may be brought against the sponsor pursuant to the affidavit of support.

    (B) In case of failure to pay.-If the sponsor fails to abide by the repayment terms established by the appropriate entity, the entity may bring an action against the sponsor pursuant to the affidavit of support.
    (C) Limitation on actions.-No cause of action may be brought under this paragraph later than 10 years after the date on which the sponsored alien last received any means-tested public benefit to which the affidavit of support applies.

  (3) Use of collection agencies.-If the appropriate entity under paragraph (1)(A) requests reimbursement from the sponsor or brings an action against the sponsor pursuant to the affidavit of support, the appropriate entity may appoint or hire an individual or other person to act on behalf of such entity acting under the authority of law for purposes of collecting any amounts owed.

(c) Remedies.-Remedies available to enforce an affidavit of support under this section include any or all of the remedies described in section 3201, 3203, 3204, or 3205 of title 28, United States Code, as well as an order for specific performance and payment of legal fees and other costs of collection, and include corresponding remedies available under State law. A Federal agency may seek to collect amounts owed under this section in accordance with the provisions of subchapter II of chapter 37 of title 31, United States Code.

(d) Notification of Change of Address.-

  (1) General requirement.-The sponsor shall notify the Attorney General and the State in which the sponsored alien is currently a resident within 30 days of any change of address of the sponsor during the period in which an affidavit of support is enforceable.

  (2) Penalty.-Any person subject to the requirement of paragraph (1) who fails to satisfy such requirement shall, after notice and opportunity to be heard, be subject to a civil penalty of-

    (A) not less than $250 or more than $2,000, or

EXHIBIT B -CONTINUED-

(B) if such failure occurs with knowledge that the sponsored alien has received any means-tested public benefits (other than benefits described in section 401(b), 403(c)(2), or 411(b) of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996) not less than $2,000 or more than $5,000.

The Attorney General shall enforce this paragraph under appropriate regulations.

(e) Jurisdiction.-An action to enforce an affidavit of support executed under subsection (a) may be brought against the sponsor in any appropriate court-

(1) by a sponsored alien, with respect to financial support; or

(2) by the appropriate entity of the Federal Government, a State or any political subdivision of a State, or by any other nongovernmental entity under subsection (b)(2), with respect to reimbursement.

(f) Sponsor Defined.-

(1) In general.-For purposes of this section the term "sponsor" in relation to a sponsored alien means an individual who executes an affidavit of support with respect to the sponsored alien and who-

(A) is a citizen or national of the United States or an alien who is lawfully admitted to the United States for permanent residence;

(B) is at least 18 years of age;

(C) is domiciled in any of the several States of the United States, the District of Columbia, or any territory or possession of the United States;

(D) is petitioning for the admission of the alien under section 204; and

(E) demonstrates (as provided in paragraph (6)) the means to maintain an annual income equal to at least 125 percent of the Federal poverty line.

(2) INCOME REQUIREMENT CASE.--Such term also includes an individual who does not meet the requirement of paragraph (1)(E) but accepts joint and several liability together with an individual under paragraph (5)(A). 1a/

(3) Active duty armed services case.-Such term also includes an individual who does not meet the requirement of paragraph (1)(E) but is on active duty (other than active duty for training) in the Armed Forces of the United States, is petitioning for the admission of the alien under section 204 as the spouse or child of the individual, and demonstrates (as provided in paragraph (6)) the means to maintain an annual income equal to at least 100 percent of the Federal poverty line.

(4) Certain employment-based immigrants case.-Such term also includes an individual-

(A) who does not meet the requirement of paragraph (1)(D), but is the relative of the sponsored alien who filed a classification petition for the sponsored alien as an employment- based immigrant under section 203(b) or who has a significant ownership interest in the entity that filed such a petition; and

(B)(i) who demonstrates (as provided under paragraph (6)) the means to maintain an annual income equal to at least 125 percent of the Federal poverty line (or in the case of an affidavit for a spouse or minor child of the petitioner 140 percent of the Federal poverty line), or

(ii) does not meet the requirement of paragraph (1)(E) but accepts joint and several liability together with an individual under paragraph (5)(A). **1a/**

(5) **1a/** NON-PETITIONING CASES- Such term also includes an individual who does not meet the requirement of paragraph (1)(D) but who--

(A) accepts joint and several liability with a petitioning sponsor under paragraph (2) or relative of an employment-based immigrant under paragraph (4) and who demonstrates (as provided under paragraph (6)) the means to maintain an annual income equal to at least 125 percent of the Federal poverty line; or

(B) is a spouse, parent, mother-in-law, father-in-law, sibling, child (if at least 18 years of age), son, daughter, son-in-law, daughter-in-law, sister-in-law, brother-in-law, grandparent, or grandchild of a sponsored alien or a legal guardian of a sponsored alien, meets the requirements of paragraph (1) (other than subparagraph (D)), and executes an affidavit of support with respect to such alien in a case in which--

(i) the individual petitioning under section 204 for the classification of such alien died after the approval of such petition; and

(ii) the Attorney General has determined for humanitarian reasons that revocation of such petition under section **205** would be inappropriate.

(6) Demonstration of means to maintain income.-

(A) In general.-

(i) Method of demonstration.-For purposes of this section, a demonstration of the means to maintain income shall include provision of a certified copy of the individual's Federal income tax return for the individual's 3 most recent taxable years and a written statement, executed under oath or as permitted under penalty of perjury under section 1746 of title 28, United States Code, that the copies are certified copies of such returns.

(ii) Flexibility.-For purposes of this section, aliens may demonstrate the means to maintain income through demonstration of significant assets of the sponsored alien or of the sponsor, if such assets are available for the support of the sponsored alien.

(iii) Percent of poverty.-For purposes of this section, a reference to an annual income equal to at least a particular percentage of the Federal poverty line means an annual income equal to at least such percentage of the Federal poverty line for a family unit of a size equal to the number of members of the sponsor's household (including family and non-family dependents) plus the total number of other dependents and aliens sponsored by that sponsor.

(B) Limitation.-The Secretary of State, or the Attorney General in the case of adjustment of status, may provide that the demonstration under subparagraph (A) applies only to the most recent taxable year.
(h)

(h)**2/** Federal Poverty Line Defined.-For purposes of this section, the term "Federal poverty line" means the level of income equal to the official poverty line (as defined by the Director of the Office of Management and Budget, as revised annually by the Secretary of Health and Human Services, in accordance with section 673 (2) of the Omnibus Budget Reconciliation Act of 1981 (42 U.S.C. 9902)) that is applicable to a family of the size involved.

EXHIBIT B -CONTINUED-

(i) Sponsor's Social Security Account Number Required to Be Provided.-

(1) An affidavit of support shall include the social security account number of each sponsor.

(2) The Attorney General shall develop an automated system to maintain the social security account number data provided under paragraph (1).

(3) The Attorney General shall submit an annual report to the Committees on the Judiciary of the House of Representatives and the Senate setting forth-

(A) for the most recent fiscal year for which data are available the number of sponsors under this section and the number of sponsors in compliance with the financial obligations of this section; and

(B) a comparison of such numbers with the numbers of such sponsors for the preceding fiscal year.

## FOOTNOTES FOR SECTION 213A

### INA: ACT 213A FN 1

FN1    Added by § 551 of IIRIRA, effective date set forth by subsection (c) of § 551 which provides:

"(c) Effective Date; Promulgation of Form-

(1) In general.-The amendments made by this section shall apply to affidavits of support executed on or after a date specified by the Attorney General, which date shall be not earlier than 60 days (and not later than 90 days) after the date the Attorney General formulates the form for such affidavits under paragraph (2).

(2) Promulgation of form.-Not later than 90 days after the date of the enactment of this Act, the Attorney General, in consultation with the heads of other appropriate agencies, shall promulgate a standard form for an affidavit of support consistent with the provisions of section 213A of the Immigration and Nationality Act, as amended by subsection (a)."

### INA: ACT 213A FN1a

FN 1a    Section 213A(f)(5) revised in its entirety by section 2(a)(1) of the Family Sponsor Immigration Act of 2002, Public Law 107-150, dated March 13, 2002.

Section 2(a)(3) amended section 213A(f)(2) and (f)(4)(B)(ii) by revising "(5)" to read "(5)(A)".

EFFECTIVE DATE: The amendments made by subsection (a) shall apply with respect to deaths occurring before, on, or after the date of the enactment of this Act (Public Law 107-150, dated March 13, 2002), except that, in the case of a death occurring before such date, such amendments shall apply only if--

(1) the sponsored alien--

(A) requests the Attorney General to reinstate the classification petition that was filed with respect to the alien by the deceased and approved under section 204 of the Immigration and Nationality Act (8 U.S.C. 1154) before such death; and

EXHIBIT B -CONTINUED-

   (B) demonstrates that he or she is able to satisfy the requirement of section 212(a)(4)(C)(ii) of such Act (8 U.S.C. 1182(a)(4)(C)(ii)) by reason of such amendments; and

   (2) the Attorney General reinstates such petition after making the determination described in section 213A(f)(5)(B)(ii) of such Act (as amended by subsection (a)(1) of this Act).

**INA: ACT 213A FN 2**

**FN 2** Sic. subsection (g) missing in original.

Go to the Next Page >>>

EXHIBIT B — CONTINUED —