UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| In Re: The Affidavit of Support | ) | |
| (Form I-864) | ) | |
| | ) | |
| OLGA STUMP, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 1:04-CV-253-TS |
| | ) | |
| KENNETH STUMP, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

After prevailing on the issue of liability at the summary judgment stage, the matter of damages in this cause came before the Court for trial without a jury on September 13, 2005. The Plaintiff, Olga Stump, was represented by Apexa Patel and Craig Patterson. The Defendant, Kenneth Stump, was represented by Malcolm Gerber. On October 25, 2005, the Court issued an Opinion and Order awarding damages to the Plaintiff on her claim under 8 U.S.C. § 1183a, also known as § 213A of the Immigration and Nationality Act (INA), to enforce an Affidavit of Support. On this same date, the Clerk entered judgment in favor of the Plaintiff.[1]

This matter is before the Court on the Plaintiff's Petition for an Award of Fees and Costs [DE 59], filed on November 7, 2005. The Plaintiff seeks an award of $39,924.11 in attorney fees and $239 in costs. The Defendant has not filed a response to the Plaintiff's Motion.

---

[1] This entry was later vacated upon motion of the Defendant and will be reinstated after the Court's issuance of an order on the motion for attorney's fees, thus extending the time for the Defendant to file an appeal.

**DISCUSSION**

One of the remedies available to the Plaintiff under the INA for enforcement of an Affidavit of Support is "an order for . . . payment of legal fees and other costs of collection." 8 U.S.C. § 1183a(c) (describing remedies available to enforce Affidavit of Support). The Defendant also agreed, in the Affidavit of Support, to pay the Plaintiff the cost of collection, including attorney fees. Federal Rule of Civil Procedure 54(d) addresses costs and attorney's fees.

> (2) *Attorneys' Fees* (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
>
> (B) Unless otherwise provide by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.

Fed. R. Civ. P. 54(d)(2)(A) & (B).[2] The Plaintiff's Petition for Fees and Costs is timely under Rule 54.

**A.   Costs**

A district court is authorized to award costs to a prevailing party for expenses that are allowable cost items and for amounts that are reasonable and necessary. *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). Rule 54(d) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The costs that a federal court may tax are:

(1) Fees of the clerk and marshal;

---

[2] Local Rule 54.1 also contemplates a 14-day period to file a request for assessment of attorney fees. N.D. Ind. L.R. 54.1.

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although Rule 54(d) creates a presumption that the prevailing party will recover the costs delineated in § 1920, the decision to make the award of costs is entrusted to the sound discretion of the district court. *Hastert v. Ill. State Bd. of Election Comm'rs*, 28 F.3d 1430, 1437 (7th Cir. 1993); *Soler v. Waite*, 989 F.2d 251, 254–55 (7th Cir. 1993). The presumption is strong and difficult to overcome, and a district court's discretion is narrowly confined. *Weeks v. Samsung Heavy Indus., Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Congregation of the Passion v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Rule 54(d) establishes a principle of preference—a district court must award costs unless it states good reasons for denying them. *Weeks*, 126 F.3d at 945 (citing *Coyne-Delany, Inc. v. Capital Dev. Bd.*, 717 F.2d 385, 392 (7th Cir. 1983)). Generally, only misconduct by the prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings), the losing party's inability to pay, or the loser challenging the necessity, validity or propriety of the claimed cost will suffice to justify denying costs. *Id.* (citing cases). Unless the losing party affirmatively shows that the prevailing party is not entitled to costs, a district court must award them, "as of course." *Id.* Nonetheless, before it can award costs to the prevailing party, the court must determine that the expenses are allowable and reasonable, both in amount and necessity to the litigation. *Moore*

3

*v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 913 (N.D. Ind. 1998).

The Plaintiff seeks $239 in costs: $150 for the filing fee, $50 in process server fees; and $39 for FedEx overnight fees expended to communicate with Defendant's counsel in Chicago.

The $150 filing fee and $50 service fees are allowable and reasonable under 28 U.S.C. § 1920. However, the requested FedEx fees, which represent expense for postage, are not. *Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir. 1975) (noting that postage fees are not recoverable under § 1920 or Rule 54(d); *McHenry v. Joseph T. Ryerson Co.*, 104 F.R.D. 478, 482 (N.D. Ind. 1985) (denying costs of overnight delivery of documents mailed by plaintiff's counsel in Ohio to plaintiff's local counsel). The Plaintiff contends that the FedEx fees were incurred communicating with the Defendant's counsel in Chicago, but has not indicated why it was reasonable or necessary to use FedEx, particularly in this day of electronic filing and e-mail. Additionally, the Plaintiff has not attached any documentation for the requested Fed Ex fees to her Bill of Costs. *See* AO 133, Bill of Costs (directing party to attach to bill an itemization and documentation for requested costs).

Subtracting the claimed fees for postage, the Plaintiff is awarded $200 in costs.

**B.     Attorney Fees**

The award of attorney fees is entrusted to the court's sound discretion. *Mercer v. Espy*, 883 F. Supp. 300, 302 (N.D. Ind. 1995). "The party requesting fees has the burden of substantiating the reasonableness of the hours expended and the hourly rate." *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 518 (7th Cir. 1993) (citing *Estate of Borst v. O'Brien*, 979 F.2d 511, 515 (7th Cir. 1992)). The starting point for calculating a reasonable attorney fee is the lodestar, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *City of*

*Riverside v. Rivera*, 477 U.S. 561, 568 (1986).

### 1.     *Hourly Rate*

"The reasonable hourly rate used in calculating the lodestar must be based on the market rate for the attorney's work." *McNabola*, 10 F.3d at 518 (citation omitted); *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996). The market rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999); *see also Stark v. PMM Am. Inc.*, 354 F.3d 666, 674–75 (7th Cir. 2004). "For private counsel with fee-paying clients, the best evidence is the hourly rate customarily charged by counsel or by her law firm." *Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir. 1986). "The burden of proving the 'market rate' is on the fee applicant; however, once the attorney provides evidence establishing his market rate, the burden shifts to the defendant to demonstrate why a lower rate should be awarded." *Spegon*, 175 F.3d at 554–55.

The Plaintiff submits the following rates are within the prevailing market rate for the Fort Wayne area: $180 per hour for Apexa Patel; $200 per hour for Wendy Davis; $205 per hour for Craig Patterson; and $140 per hour for Mark Bloom. The Plaintiff submits the Affidavit of a Fort Wayne practitioner, Christopher Myers, in support of the reasonableness of these attorneys' rates based on their experience. Myers contends in his Affidavit that $205 comports with the usual and customary Fort Wayne area rates for an attorney with 8 or more years experience. He contends that $140 comports with the usual and customary Fort Wayne area rates for an attorney with 4 years experience.

Attorney Davis has 14 years of litigation experience, Attorney Patterson has 13 years of litigation experience, and Attorney Bloom has 4 years experience. The Court finds that the rates charged by Attorneys Davis, Patterson, and Bloom are reasonable given the Fort Wayne market and counsel's experience.

Myers's Affidavit does not address the $180 fee for Attorney Patel, who was admitted to practice law in 1997 and has 4 years experience in immigration law. However, given her area of speciality, the Court finds this rate reasonable in the Fort Wayne market.

### 2.  *Number of Hours*

Hours spent are not reasonably expended if they are excessive, redundant, or otherwise unnecessary. *Stark*, 354 F.3d at 674. "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The party requesting attorney's fees bears the burden of substantiating the reasonableness of the hours sought. *See Moore*, 22 F. Supp. 2d at 908.

The Plaintiff seeks compensation for the following hours: 178.1 hours for Attorney Patel; 22.8 hours for Attorney Patterson; 5.1 hours for Attorney Davis; and 12 hours for Attorney Bloom.

Attorney Patel was involved in this case from the onset and continued her representation through all stages of the litigation. Attorney Patterson prepared for and represented the Plaintiff at the bench trial for damages. Attorney Davis performed general litigation work and Attorney Bloom prepared the Petition for Fees and Costs. The hours expended are set forth in schedules attached to the Affidavits' of counsel. The Court's review of these schedule reveals that most of the charges are reasonable. However, certain entries, as noted below, are excessive or otherwise unnecessary.

According to her time sheets, Attorney Patel began researching the issue surrounding the Affidavit of Support five months before filing suit in this matter. She spent 20.9 hours conducting such research. The Court does not find this unreasonable given the novelty of the case. However, because Attorney Patel's rate is justified, in part, by her expertise in immigration law, the Court finds that 5 hours consulting and corresponding with an immigration attorney in Washington D.C., in addition to conducting her own research, is not recoverable and reduces her hours accordingly.

The Court also finds that it is not reasonable to require the Defendant to pay for 2.5 hours the Attorney Patel spent attending a hearing before Magistrate Boyer for the divorce matter (1.5) and discussing the hearing with her client and another attorney (1.0). Although the state court magistrate's jurisdiction over the Affidavit of Support was discussed during this proceeding, it is unreasonable to suggest that the entire 1.5 hours was dedicated to issues that were germane to enforcement of the Affidavit of Support. The Court will reduce this time, billed on February 9, 2004, to 1 hour. On September 16, 2004, Attorney Patel also recorded 2.2 to attend a pre-trial conference for the Plaintiff's divorce proceeding and .6 to discuss the hearing with her client and another attorney involved in the divorce proceeding. Again, the magistrate's jurisdiction over the Affidavit of Support was discussed during this proceeding, but it is unreasonable to suggest that the entire 2.2 hours for the pre-trial conference and .6 for the discussion afterwards was dedicated to issues that were germane to enforcement of the Affidavit of Support—especially since this had already been discussed in a previous hearing. Therefore, the Court will reduce the entry for this date to .5 hours. For the same reasons, the Court will reduce the October 18, 2004, entry for 3.5 hours for attendance at a "partial initial divorce hearing to raise the affidavit of support for the magistrate to rule on the record of its non-jurisdiction" to .5. One-half hour is a reasonable amount of time to devote to

7

discussion of a document that the magistrate did not even believe she had jurisdiction over and which had been discussed on two prior occasions. In another entry related to the divorce proceeding, Attorney Patel recorded 1.4 hours on November 19, 2004, for a meeting with the counsel who was representing the parties in their divorce. The Court discounts this time because discussion regarding reopening discovery in the divorce proceeding and the Plaintiff's allegations of physical abuse are not related to enforcement of the Affidavit of Support. The November 11 entry for .2 was also related solely to the discovery in the divorce proceeding and is not recoverable.

The Court also finds that 3.6 hours that counsel spent on March 29 and 30, 2005, remedying a computer problem related to CM/ECF would not be chargeable to her client. Therefore, it is not appropriate to shift this expense to the Defendant.

Realizing that time spent on unsuccessful motions is not necessarily unreasonable, the Court nonetheless finds that the amount of time spent on a motion to compel and for sanctions for failure to provide Rule 26(a) initial disclosures is excessive. On February 8, 2005, Attorney Patel recorded 2.1 hours to prepare a two-page motion to compel and a three-page attached affidavit that reiterated much of the same information that was included in the motion. The Court finds that 1 hour would have been reasonably sufficient to research and draft this motion. More than 2 hours to draft a two-page notice to the Court that Defendant did not timely respond to the Plaintiff's motion for summary judgment is also unreasonable and is reduced to 1 hour. The 6.3 hours (6.5 if Attorney Patterson's hours are included) billed preparing an uncomplicated four-page motion to strike the Defendant's portion of the Final Pretrial Order and for sanctions is also excessive. The Court finds that 1.5 hours would have been a reasonable amount of time to devote to this matter.

Additionally, the Court discounts altogether Attorney Patel's entry for 1.5 hours on March

30, 2005, to draft a motion asking the Court to reconsider its ruling allowing the Defendant to respond to the Plaintiff's motion for summary judgment. The motion was unnecessary and unreasonable and the Court denied it as moot. First, the motion misinterpreted the Court's ruling, which simply permitted the Defendant to file a motion for extension, and second, there was no basis for the Court to reconsider its ruling. Attorney Patel later spend 2.6 hours researching and objecting to the Defendant's request for an extension once it was filed.

The Court must also consider whether certain work performed by counsel could have been performed by a lower paid professional, such as a paralegal. Several entries jump out at the Court. On July 4, 2004, Attorney Patel spent 1.4 hours preparing the certificate of service and civil appearance form, filing them in federal court, and determining various addresses for the Defendant and arranging for personal service on him through a service agency. Similarly, on August 27, Attorney Patel charged .3 hours for preparing the notice of filing and certificate of service and filing them. She lodged another .3 hours on December 8, 2004, preparing and filing a certificate of service. On May 18, 2005, Attorney Patel recorded .6 hours reviewing a list of mediators and preparing a fax to opposing counsel with potential names of mediators. Time spent preparing the fax is not billable as attorney or paralegal time and this entry will be reduced by .2. *Missouri v. Jenkins*, 491 U.S. 274, 287–88 & n.10 (1989); *People Who Care*, 90 F.3d at 1315 (district court should disallow time spent on what are essentially clerical or secretarial tasks). Thus, 2.4 hours should be billed at a reasonable paralegal rate, not at Attorney Patel's $180 rate.

Attorney Patel's hours should be reduced by 25.6 hours for the unnecessary and excessive charges described above, leaving 152.5 hours. In addition, 2.4 of those hours should be billed at a paralegal rate. Based on experience in past cases, the Court finds that a reasonable paralegal rate for

Fort Wayne, Indiana, is $75. This results in a total fee of $27,198 ((150.1 x $180) + (2.4 x $75)) for Attorney Patel.

The Court also finds it appropriate to deduct .35 hours from the 5.1 hours billed by Attorney Davis. This deduction is for time spent conferencing with Attorney Patterson regarding status, strategy, and trial preparation. Attorney Patterson has comparable experience to Attorney Davis and is the counsel who actually presented the case to the Court at trial. This conference was in addition to time Attorney Patterson spent in trial preparation with Attorney Patel.

The total for Attorney Davis's time is $950. Adding this to the $4674 for Attorney Patterson, the $1680 for Attorney Bloom, and $27,198 for Attorney Patel brings the attorney fee total to $34,502. The attorney fee award will be included in the entry of judgment.

## CONCLUSION AND ORDER

For the foregoing reasons, the Plaintiff's Petition for an Award of Fees and Costs [DE 59] is GRANTED in the amount of $200 for costs and $34,502 for fees. The Clerk is directed to enter judgment in favor of the Plaintiff and against the Defendant in the amount of $53,515.87.

SO ORDERED on March 31, 2006.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT